UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA PARKER,

    Plaintiff,

v.                                                      CASE NO.

U.S. BANK, N.A.,

    Defendant.
_____/

## NOTICE OF REMOVAL

The defendant U.S. Bank, N.A., ("U.S. Bank") removes this action from the Sixth Judicial Circuit in and for Pinellas County, Florida, in accord with 28 U.S.C. §§ 1441 and 1446, based on this Court's federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367.  In support of removal, U.S. Bank respectfully says:

1.      The plaintiff Diana Parker sued in state court on August 28, 2014, for a violation of the Florida Consumer Collection Practices Act, Sections 559.55-.785, Florida Statutes, (the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). A true and legible copy of all process, pleadings, orders and other papers on file with the state court is attached to this notice as composite **Exhibit A**. The action is captioned <u>Diana Parker v. U.S. Bank, N.A.</u>, and is designated as Case Number 522014SC006856XXSC.

2.      U.S. Bank received service of the complaint and summons on September 9, 2014.

3. Removal under Section 1441 is proper because this division embraces Pinellas County, Florida, and because this court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

4. Section 1331 of Title 28, United States Code, provides original jurisdiction over an action arising under federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988). "Federal question" jurisdiction under Section 1331 extends to cases in which (1) federal law creates a cause of action and (2) resolution of a substantial question of federal law is necessary to the plaintiff's prevailing on a cause of action. Id. In this instance, the complaint asserts a claim under the TCPA, which presents a federal question under Section 1331. See Mims v. Arrow Fin. Servs., LLC, 132 S.Ct. 740, 747-48, 753 (2012) (reversing the Eleventh Circuit Court of Appeals and holding that state and federal courts have concurrent jurisdiction over TCPA claims and that at TCPA claim arises under federal law for the purpose of Section 1331).

5. Under 28 U.S.C. § 1367(a), this Court may exercise supplemental jurisdiction over the plaintiff's claims under the FCCPA.

6. This notice of removal is timely. See 28 U.S.C. § 1446(b) (requiring notice of removal no later than thirty days after service).

7. In accord with Section 1446(d), U.S. Bank served a copy of this notice on each adverse party and filed a copy of this notice with the state court.

8. By this notice of removal, U.S. Bank waives no defense to dismissal of this action.

**WHEREFORE**, U.S. Bank. N.A., removes this action to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: October 9, 2014.

        Respectfully submitted,

        s/ S. Douglas Knox
        S. Douglas Knox
        douglas.knox@quarles.com
        Florida Bar No. 849871
        QUARLES & BRADY LLP
        101 E. Kennedy Blvd., Suite 3400
        Tampa, FL  33602-5195
        Phone:  813-387-0300
        Fax:  813-387-1800
        Counsel for U.S. Bank, N.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2014, I filed the foregoing with the court's CM/ECF system, which sent electronic notice on the following:

Christopher W. Boss
Anthony S. Bradlow
Boss, Arright & Hoag, P.L.
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
tbradlow@protectyourfuture.com
cpservice@protectyourfuture.com

        s/ Douglas Knox
        Attorney

3